IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| REGIONS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:10-cv-119(HL) |
| | ) | |
| BOSCH OLDS BUICK GMC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT ORDER

Plaintiff Regions Bank ("Regions") commenced the above-styled action with a Verified Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Damages, and Other Relief (the "Verified Complaint"), filed October 13, 2010. Regions also filed Plaintiff's Motion for Temporary Restraining Order and, After Due Notice and Hearing, for Preliminary Injunction on October 13, 2010, seeking certain temporary and preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65 and other applicable law. Based upon the pleadings all other matters of record, and the consent of the parties as evidenced by the signatures of their respective counsel herein below, the Court finds there is good cause to grant injunctive relief. Accordingly, IT IS HEREBY ORDERED that, until further order of this Court and subject to any subsequent written agreement between the parties to modify the provisions hereof to provide other or additional security or protection for Regions:

1.

Defendant Bosch Olds Buick GMC, Inc. ("Bosch") shall be prohibited from selling and continuing to sell automobiles purchased with funds from the Floor Plan Loan[1], absent strict

---

[1] Unless defined herein, capitalized terms used in this Order shall have the meanings given them

1

compliance with its obligations under the Floor Plan Agreement including, but not limited to, timely payment to Regions from the proceeds of each such sale.

2.

Defendant Bosch shall account for all proceeds from the sale of automobiles Out of Trust since October 1, 2010 (the "Unremitted Proceeds") and shall remit the same to Regions.

3.

Defendant Bosch shall be restrained and enjoined from collecting, transferring, disposing, wasting, and converting the Unremitted Proceeds and other collateral securing the indebtedness owed.

4.

All title certificates and manufacturer statements of origin for Defendant Bosch's automobile inventory shall be held by Regions until Defendant Bosch is no longer in an Out of Trust status under the Floor Plan Agreement;

5.

Defendant Bosch shall immediately pay all proceeds from the recent sale of any and all of its automobile inventory subject to Regions' security interest up to the Out of Trust balance.

6.

Defendant Bosch shall be required to remit copies of all potential purchase transactions to Regions on a daily basis until it is no longer Out of Trust.

7.

Defendant Bosch shall only sell automobiles in the ordinary course of its business in good faith, arm's length transactions and shall not engage in any type of fire sale or liquidation

---

in the Verified Complaint.

sale. Defendant Bosch, its shareholders, officers, directors, employees, and agents, and all persons acting in concert with them who have knowledge of this Order are enjoined and are commanded to refrain from selling, leasing, transferring, disposing of, or removing from the business premises of Defendant Bosch any automobile inventory or proceeds therefrom except as expressly provided in this Order.

8.

Regions shall be authorized to audit Defendant Bosch's books and records from time to time, during normal working hours, and Defendant Bosch shall furnish information and records requested by Regions for that purpose and otherwise fully cooperate with Regions in that regard. Further, Defendant Bosch shall use its best efforts to account for all sales, payments, vehicle inventory, and related information on a real-time basis.

9.

Any and all wire transfers, checks, and other payments that Defendant Bosch receives from General Motors LLC shall be held in trust for the benefit of and promptly remitted to Regions.

10.

Prior to entry as an Order of this Court, the provisions hereof shall be contractually binding upon execution of the parties' respective counsel.

[Signature on Following Page]

IT IS SO ORDERED, this 19th day of October, 2010.

<u>s/ Hugh Lawson</u>
Judge, United States District Court
For the Middle District of Georgia
Valdosta Division

**Prepared and presented by and**
**Order consented to by:**

*/s/ Gary A. Barnes*
Gary A. Barnes
Georgia Bar No. 038575
Kevin A. Stine
Georgia Bar No. 682588
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Suite 1600, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326
404.577.6000 (Telephone)
404.221.6501 (Facsimile)
*Attorneys for Plaintiff*

**Order consented to by:**

*/s/ William A. Turner, Jr.*
William A. Turner, Jr.
Georgia Bar No. 719875
108 E. Force Street
P.O. Box 819
Valdosta, GA 31603
229.244.4811 (Telephone)
229.244.3919 (Facsimile)
*Attorney for Defendant*